UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| C.J., and F.R., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, CIGNA HEALTH and LIFE INSURANCE COMPANY, CIGNA BEHAVIORAL HEALTH, and the PITTSBURGH FOUNDATION BENEFITS PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [109] PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** <br><br> Case No. 2:22-cv-00092-DBB-CMR <br><br> District Judge David Barlow |

Before the Court is Plaintiffs' Motion for Attorney's Fees.[1]

## BACKGROUND

This case involves an insurance coverage dispute arising under the Employee Retirement Income Security Act of 1974. In February 2022, Plaintiffs filed a complaint alleging in part that Defendants violated ERISA by denying coverage for Plaintiff F.R.'s medically necessary mental health treatment and by failing to provide sufficient justification in support of that denial.[2] On December 12, 2023, Plaintiffs voluntarily stipulated to dismiss Defendants United Healthcare Insurance Company and United Behavioral Health with prejudice.[3]

---

[1] Motion for Attorney's Fees, ECF No. 109, filed Jan. 9, 2026.
[2] Compl. ¶¶ 59–65, ECF No. 2, filed Feb. 14, 2022.
[3] Notice of Voluntary Dismissal, ECF No. 57, filed Dec. 12, 2023.

1

The parties filed cross motions for summary judgment in February 2024. In their motion, Plaintiffs argued that the coverage denial was arbitrary and capricious and that Defendants' actions violated the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA").[4] Plaintiffs asked the court to find that the denial of benefits was arbitrary and capricious and to order Defendants to pay the benefits.[5] Defendants argued the opposite in their motion, contending that the benefits denial was reasonable and based on substantial evidence and asking the court to uphold the benefits determination.[6] Defendants further argued that, in the event the court found abuse of discretion, the case should be remanded for additional review.[7]

On September 24, 2024, the court granted in part Plaintiffs' motion and denied Defendants' motions.[8] In its order, the court found that Defendants' denial letters did not meet ERISA's minimum standards because they were conclusory, failed to state what clinical information was used to make the denial decision, did not cite to medical records, and failed to grapple with facts that could have justified awarding benefits.[9] The court further found that Defendants did not consider relevant medical necessity opinion letters and failed to engage in a meaningful dialogue with Plaintiffs.[10] Based on these findings, the court held that Defendants' denial of coverage was arbitrary and capricious.[11] However, the court was unable to determine from the record whether coverage was warranted, so the matter was remanded for further

---

[4] Plaintiffs' Motion for Summary Judgment ("Pls.' MSJ"), ECF No. 67, filed Feb. 5, 2024.
[5] *Id.* at 21, 22.
[6] Cigna Motion for Summary Judgment ("Cigna MSJ") 23, ECF No. 65, filed Feb. 5, 2024.
[7] *Id.* at 37.
[8] *C.J. v. United Healthcare Ins. Co.*, No. 2:22-CV-00092, 2024 WL 4279007, at *1 (D. Utah Sept. 24, 2024).
[9] *Id.* at *11–12.
[10] *Id.* at 14.
[11] *Id.*

2

consideration.[12] Following the remand, Defendants again denied coverage,[13] and Plaintiffs chose not to pursue further review.[14] Plaintiffs now seek attorney's fees.[15]

## STANDARD

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."[16] "A fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs under ERISA."[17] Instead, a court may award fees and costs under § 1132(g)(1), "as long as the fee claimant has achieved 'some degree of success on the merits.'"[18] The Tenth Circuit Court of Appeals has established five factors a court may consider in deciding whether to exercise its discretion to award attorney's fees and costs under ERISA:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[19]

"No single factor is dispositive and a court need not consider every factor in every case."[20]

---

[12] *Id.* at *14–15. The court also declined to reach Plaintiffs' MHPAEA claim in light of the remand. *Id.* at *16.

[13] *See* Post Remand Denial Letter, ECF No. 113-2, filed Mar. 2, 2026.

[14] Motion for Attorney's Fees 4; Cigna Opposition to Motion for Attorney's Fees ("Cigna Opp'n") 4, filed Mar. 2, 2026.

[15] Defendant Pittsburgh Foundation Benefits Plan filed an opposition that incorporated the entirety of Defendant CIGNA's opposition. *See* Pittsburgh Foundation Benefits Plan Opposition ("Plan Opp'n"), ECF No. 115, filed Mar. 9, 2026. Accordingly, the court will consider the CIGNA Opp'n as applying to all Defendants.

[16] 29 U.S.C.A. § 1132(g)(1).

[17] *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013).

[18] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983)).

[19] *Cardoza*, 708 F.3d 1196 at 1207.

[20] *Id.*

**DISCUSSION**

## I.  Some Degree of Success

Plaintiffs first argue that they achieved "some degree of success on the merits" because they secured remand for further consideration.[21] Defendants respond that Plaintiffs did not achieve any degree of success on the merits because the court denied Plaintiffs' request for benefits and because Defendants, not Plaintiffs, requested remand in the event of a determination that the denial was arbitrary and capricious.[22] Defendants further characterize the remand as a "procedural victory" that does not provide a basis for ERISA attorney's fees.[23]

A remand order by itself may not always constitute some success on the merits.[24] However, "[d]istrict courts routinely hold that a determination that an insurer has arbitrarily and capriciously rejected a claim, paired with a remand, is enough to warrant an award of attorney's fees."[25] In this case, the court agreed with Plaintiffs that Defendants' denial of coverage was arbitrary and capricious.[26] Thus, remand was not merely a procedural victory for Plaintiffs; it was based on a finding that Defendants failed provide a full and fair review as required by ERISA. Even though the court did not award benefits or resolve Plaintiffs' MHPAEA claim,

---

[21] Motion for Attorney's Fees 3.

[22] Cigna Opp'n 3–4.

[23] *Id.* at 2.

[24] *See Manna v. Phillips 66 Co.*, 820 F. App'x 695, 703 (10th Cir. 2020) (unpublished) ("Accordingly, on these facts we cannot say that a remand order alone constitutes some success on the merits."); *see also L.E. v. Deseret Mut. Benefit Adm'rs*, No. 2:20-CV-00707-RJS-DBP, 2023 WL 4083381, at *13 (D. Utah June 20, 2023) (finding that a plaintiff "ha[d] not achieved much success on the merits" and was not owed attorney's fees when the matter was remanded solely because the plaintiff had failed to exhaust her administrative remedies under the plan but that failure was excused under the circumstances).

[25] *Theo M. v. Beacon Health Options, Inc.*, No. 2:19-CV-00364-JNP-DBP, 2023 WL 4826771, at *3 (D. Utah July 27, 2023).

[26] *C.J. v. United Healthcare Ins. Co.*, No. 2:22-CV-00092, 2024 WL 4279007, at *14 (D. Utah Sept. 24, 2024).

remand based on a finding that Defendants' actions were arbitrary and capricious represents some success on the merits.[27]

## II.      Five-Factor Test

Having determined that the court may award attorney's fees because Plaintiffs achieved some success on the merits, the court now considers each of the five factors established by the Tenth Circuit.

### a.      Culpability or Bad Faith

First, the court considers the degree of Defendants' culpability or bad faith. Plaintiffs argue that Defendants acted culpably by failing to engage with the record or meet ERISA's minimum standards.[28] Defendants respond that their conduct was not culpable because the court was unable to determine whether Plaintiffs were entitled to benefits based on the record and because the benefits were still denied on remand.[29]

Courts in the Tenth Circuit  have found culpability where a party acted in a way that was "wrong or irresponsible," even if the party did not "act with malice or guilty purpose in denying claims for benefits."[30] "In the District of Utah, courts have determined that a plan administrator 'acted *culpably* by applying the wrong criteria in evaluating the medical necessity of [plaintiff's] residential care, ignoring the opinions of [plaintiff's] treating physicians, and proposing post hoc rationale to justify the denial of the Plaintiffs' claims.'"[31] In this case, the court found that

---

[27] *See Theo M.*, 2023 WL 4826771, at *3 (finding that remand did constitute some success on the merits for the plaintiff when the court also determined that the defendant ignored plaintiff's treatment providers and failed to adequately explain the reasoning for its denial).

[28] Motion for Attorney's Fees 3–4.

[29] Cigna Opp'n 7.

[30] *Chandhok v. Companion Life Ins. Co.*, 556 F. Supp. 3d 1192, 1222 (D.N.M. 2021).

[31] *Theo M.*, 2023 WL 4826771, at *4 (quoting *James F. ex rel. C.F. v. CIGNA Behavioral Health, Inc.*, No. 1:09-cv-70, 2011 WL 2441900, at *2 (D. Utah June 15, 2011)); *see also Foust v. Lincoln Nat'l Life Ins. Co.*, No. 2:17-CV-

Defendants' denial was arbitrary and capricious. Specifically, the court noted that Defendants failed to (1) consider the opinion of F.R.'s treating therapist, (2) grapple with facts that could have justified awarding benefits, (3) respond to the arguments Plaintiffs made in their appeal, (4) cite with specificity to F.R.'s medical records, or (5) engage with relevant medical necessity opinion letters.[32]

Taken together, these considerations readily support finding culpability here. Even if the coverage denial was upheld on remand, it was Defendants' failure to comply with ERISA requirements and engage in meaningful dialogue and full and fair review in the first instance that made the current proceedings necessary.[33] And courts in this district routinely find that failure to engage with a plaintiff's treating physicians or to provide a rationale to justify denying benefits is sufficient for a finding of culpability.[34] Defendants attempt to distinguish these cases by arguing that the court did not find in its previous order that Defendants refused to engage with Plaintiffs' evidence or treating physicians,[35] yet that was the principal basis for the court's ruling.[36] The court specifically found that Defendants did not provide a full and fair review of F.R.'s record, including the treating physician and therapist opinions, and that Defendants did

---

01208-TC, 2019 WL 6223822, at *1 (D. Utah Nov. 21, 2019) ("In particular, the court notes that it found Lincoln's denial to be not only incorrect, but arbitrary and capricious, suggesting a level of blameworthiness that goes beyond a mistaken or negligent denial of a claim.).

[32] *C.J. v. United Healthcare Ins. Co.*, No. 2:22-CV-00092, 2024 WL 4279007, at *11–13 (D. Utah Sept. 24, 2024).

[33] *See Anne A. v. United Healthcare Ins. Co.*, No. 2:20-CV-00814-JNP, 2026 WL 811540, at *14 (D. Utah Mar. 24, 2026) (unpublished).

[34] *See K.S. v. Cigna Health & Life Ins. Co.,* No. 1:22-CV-00004, 2026 WL 752700, at *2 (D. Utah Mar. 17, 2026) (unpublished); *see also R.E. v. Blue Cross Blue Shield of Illinois*, No. 2:22-CV-00296-RJS-DBP, 2023 WL 8936274, at *14 (D. Utah Dec. 27, 2023) ("Although the court has not ruled [Defendant] acted in bad faith in denying benefits . . ., it is certainly culpable for its failure to properly evaluate Plaintiffs' claim and for its significant procedural deficiencies.").

[35] Cigna Opp'n 8.

[36] *See C.J. v. United Healthcare Ins. Co.*, 2024 WL 4279007, at *11–14.

not engage in a meaningful dialogue.[37] The first factor weighs in favor of awarding attorney's fees.

### b.  Defendants' Ability to Satisfy an Award of Fees

Second, the court considers the opposing party's ability to satisfy an award of fees. Defendants do not dispute that they are able to satisfy an award of fees, though they argue that this factor is of little importance in most cases and should not carry much weight in the court's determination.[38] Consequently, this factor favors an award of attorney's fees.

### c.  Deterrent Effect

Third, the court considers whether an award of fees would deter others from acting under similar circumstances. Plaintiffs contend that ERISA plan administrators often face few consequences following insufficient review and claim denial absent the threat of a fee award.[39] Defendants argue that the court only found that Cigna's explanation was inadequate, not that its benefit denial was wrong, that the benefits were again denied on remand, and that Cigna did not refuse to engage with Plaintiffs or their treating physicians.[40] Defendants conclude that ""there is no behavior by Cigna that needs to be deterred by an award of fees."[41]

Defendants' argument again ignores that the court specifically found their initial denial to be arbitrary and capricious because it did not satisfy ERISA's minimum claims-processing requirements.[42] Courts in the District of Utah consistently award fees in ERISA cases to help

---

[37] *Id.*

[38] Cigna Opp'n 8–9.

[39] Motion for Attorney's Fees 5.

[40] Cigna Opp'n 9–10.

[41] *Id.* at 10.

[42] *See C.J. v. United Healthcare Ins. Co.*, 2024 WL 4279007, at *10.

deter this exact sort of failure.[43] The mere fact that the court was forced to remand Defendants'

initial denial as arbitrary and capricious for failing to satisfy ERISA's foundational requirements

indicates that there is indeed behavior that needs to be deterred by an award of fees. This factor

also weighs in favor of awarding attorney's fees.

###    d.        Benefit to All Participants

Fourth, the court considers whether the party requesting fees sought to benefit all

participants and beneficiaries of an ERISA plan or to resolve a significant legal question

regarding ERISA. Plaintiffs argue that the court's order more carefully outlined what plan

administrators must do to satisfy ERISA's requirements.[44] Defendants respond that Plaintiffs

only sought to recover benefits owed to them and that the court did not resolve any significant

legal questions that would benefit other plan participants.[45] Courts have expressed varying

rationales when applying this factor. Some courts have held, as Plaintiffs urge, that remand for

failure to fully explain a benefits denial can satisfy the fourth factor by clarifying how claims

administrators must engage in meaningful dialogue.[46] Other courts analyzing similar facts have

concluded that a case does not automatically pertain to other plan participants solely because the

court remands on the grounds that plan administrators failed to satisfy ERISA review

standards.[47]

---

[43] *See Theo M. v. Beacon Health Options, Inc.*, No. 2:19-CV-00364-JNP-DBP, 2023 WL 4826771, at *4 (D. Utah July 27, 2023) (quoting *Raymond M. v. Beacon Health Options, Inc.*, 463 F. Supp. 3d 1250, 1287 (D. Utah 2020) ("[C]ourts in the District of Utah routinely decide that an award of fees and costs is proper when the goal is to encourage claim administrators . . . 'to follow ERISA's minimum procedural regulations and engage in a meaningful dialogue with claimants in the future.'").

[44] Attorney's Fees Motion 6.

[45] Cigna Opp'n 10–11.

[46] *L.L. on behalf of J.L. v. Anthem Blue Cross Life & Health Ins*. Co., No. 2:22-CV-00208-DAK, 2024 WL 3899380, at *2 (D. Utah Aug. 21, 2024).

[47] *See Theo M.*, 2023 WL 4826771, at *5; [47] *See K.S. v. Cigna Health & Life Ins. Co*, 2026 WL 752700, at *3.

Here, the court concludes that Plaintiffs were not primarily seeking to benefit all plan participants or seeking to resolve an important question. Although the court's order discussed ERISA's minimum requirements for an adequate claims-processing procedure, such requirements were already well-established. Defendants simply failed to follow them. Thus, this case did not resolve any important legal questions. This factor weighs against an award of attorney's fees.

### e.   The Relative Merits of the Parties' Positions

Fifth, the court considers the relative merits of the parties' positions. This factor relates closely to the first factor.[48] Plaintiffs again emphasize that the court remanded the matter after finding that Defendants' denial was arbitrary and capricious.[49] Defendants emphasize that the court declined to award benefits on summary judgment and that the denial of benefits was ultimately upheld on remand.[50] As already discussed, Plaintiffs' position regarding the sufficiency of Defendants' review was meritorious because the court concluded that Defendnats' denial was arbitrary and capricious and failed to comply with ERISA's requirements. But the fact that Plaintiffs have accepted Defendants' renewed denial of coverage on remand indicates that Defendants' substantive position on the availability of coverage may be meritorious as well. Nevertheless, the totality of the record suggests that, had Defendants conducted and documented the required review and engaged in meaningful dialogue with Plaintiffs, this lawsuit would have been unnecessary. Under ERISA, the required process is no mere formality. Therefore, this factor still supports an award of attorney's fees.

---

[48] *Harvey T. v. Aetna Life Ins. Co.*, 508 F. Supp. 3d 1088, 1103 (D. Utah 2020).
[49] Motion for Attorney's Fees 6.
[50] Cigna Opp'n 12.

9

Overall, after weighing each relevant factor, the court determines that attorney's fees are appropriate in this case. Even if Cigna's denial of coverage was ultimately upheld on remand, the initial denial that made this lawsuit necessary was arbitrary and capricious and failed to follow ERISA's minimum requirements.

### III.     Reasonableness of Fees

Finally, Defendants argue that Plaintiffs' requested fees should be reduced.[51] "To determine the amount of attorney fees to award under ERISA, the court applies the lodestar method, which is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"[52] "The reasonable hourly rate is the 'prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"[53] "The court may consider a number of factors in determining whether an hourly rate is reasonable, including the affidavits of counsel for the party claiming fees, affidavits in addition to the attorney's own affidavits, and even the court's own knowledge."

In this case, Plaintiffs request $58,660 in fees, which includes 40 hours worked by Mr. Brian King at a rate of $600 per hour and 84 hours worked by Mr. Brent Newton at a rate of $325 to $425 per hour.[54] Mr. King and Mr. Newton each attached a signed declaration in support of their claimed hours and rates.[55] Plaintiffs also seek $400 in costs.[56] Defendants argue that

---

[51] *Id.* at 14.

[52] *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-CV-01049, 2019 WL 8128545, at *1 (D. Utah Dec. 31, 2019), *aff'd*, 988 F.3d 1217 (10th Cir. 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[53] *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (alteration in original).

[54] Motion for Attorney's Fees 7–9.

[55] Declaration of Brian S. King ("King Decl."), ECF No. 109-1, filed Jan. 9, 2026; Declaration of Brent J. Newton ("Newton Decl."), ECF No. 109-2, filed Jan. 9, 2026.

[56] Motion for Attorney's Fees 9.

10

Plaintiffs' requested fees should be reduced because the amount of time billed and the billing rates are unreasonable.

### a.    Amount of Time Billed

Defendants first argue that the billing records show that Mr. Newton billed $1,645 for time related to discovery, which was only done for Plaintiffs' MHPAEA claim.[57] Defendants contend that, because Plaintiffs did not achieve any success on the merits for this claim, these fees should be removed.[58] Plaintiffs do not oppose this requested reduction.[59]

Defendants next argue that certain fees related to Plaintiffs' counsel's work prior to filing the case should be reduced.[60] Defendants assert that these fees, which relate to Mr. King's communication with Plaintiffs regarding his possible retention in the lawsuit, are entirely unrelated to the prosecution of this action and should be rejected by the court. Plaintiffs respond that the time was properly billed because attorneys have a duty investigate the facts and record underlying a potential client's claims prior to filing suit.[61] The court finds that this billed time—a little over four hours to review a potential client's file materials and claim and to discuss retention—is reasonable on the facts here and necessary for the prosecution of the case. This time will not be reduced.

Finally, Defendants contend that any requested fees prior to December 13, 2023, when the United Defendants were dismissed, should be reduced by sixty percent in recognition that there were originally five defendants in this case.[62] Defendants argue that only forty percent of

---

[57] Cigna Opp'n 14.
[58] *Id.*
[59] Reply in Support of Motion for Attorney's Fees ("Reply") 8, ECF No. 117, filed Mar. 16, 2026.
[60] Cigna Opp'n 15–16.
[61] Reply 8.
[62] Cigna Opp'n 16.

the fees requested should be allocated to the two Cigna defendants.[63] Defendants also argue that certain fees related only to the United Defendants should be reduced entirely.[64] Plaintiffs respond that the time spent addressing issues common to all ERISA claims in this case should not be reduced.[65]

Defendants do not include any authority to support their proportional reduction argument. The court finds that it is unnecessary to proportionally reduce all fee claims prior to the United Defendants' dismissal because the work done relates broadly to legal and factual issues that apply to claims against each defendant. However, Defendants also raise specific time entries that either relate solely to the dismissed defendants or that include work specifically related to the dismissed defendants.[66] These entries include a total of $940 of work attributable solely to the United Defendants, as well as $720 of work attributable to "reviewing initial disclosures from United, Cigna, and the Plan."[67] The court finds that Plaintiffs' requested fees should be reduced by the $940 and one-third of the $720 attributed to work done for the United Defendants. Thus, Plaintiffs' fee requests will be reduced by $1,180 in addition to the $1,645 for time related to discovery, resulting in a $2,825 reduction.

### b.     Billing Rates

Defendants next argue that Mr. King's billing rate of $600 per hour is excessive and should be reduced to $500 per hour to better reflect local rates.[68] They assert that several courts in this district have previously reduced Mr. King's rate to between $400 and $500 per hour to

---

[63] *Id.*
[64] *Id.* at 17 n.3.
[65] Reply 8.
[66] Cigna Opp'n 17 n.3.
[67] *Id.*; King Decl. 6–8; Newton Decl. 5.
[68] Cigna Opp'n 17–19.

reflect an appropriate rate in the local Salt Lake City market.[69] Mr. King counters by arguing that his $600 rate has been accepted in more recent cases.[70]

Mr. King is exceptionally experienced, having practiced law for over 38 years and having specialized in ERISA cases for 29 years.[71] His requested rate of $600 represents the hourly rate that he actually bills when representing clients on an hourly basis.[72] The court notes, as Defendants point out, that Mr. King's $600 rate has been reduced numerous times in this district.[73] However, "a court's determination of an hourly rate 'should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed.'"[74]

The majority of the cases cited by Defendants in which Mr. King's rate was reduced from $600 occurred between 2019 and 2021.[75] And the most recent case cited by defendants to support their argument was decided over two years ago.[76] Since that time, each court in this district to analyze the issue has determined that Mr. King's $600 hourly rate is appropriate given his skill, his experience, and the increasing hourly rates for ERISA litigation in Salt Lake City.[77]

---

[69] *Id.* at 18.

[70] Reply 9.

[71] King Decl. ¶ 3.

[72] *Id.* ¶¶ 9, 12–13.

[73] *See, e.g.*, *K.D. v. Anthem Blue Cross*, No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1 (D. Utah Feb. 28, 2024) (awarding Mr. King a $500 hourly rate); *Theo M. v. Beacon Health Options, Inc*., No. 2:19-CV-00364-JNP-DBP, 2023 WL 4826771, at *6 (D. Utah July 27, 2023) (same); *see also D.K. v. United Behav. Health*, No. 2:17-CV-01328-DAK, 2021 WL 4060937, at *3 (D. Utah Sept. 7, 2021), *aff'd*, 67 F.4th 1224 (10th Cir. 2023) (awarding Mr. King a $450 hourly rate); *M.D. v. Anthem Health Plans of Kentucky*, No. 2:17-CV-00675-JNP-CMR, 2020 WL 1369410, at *3 (D. Utah Mar. 23, 2020) (same); *Raymond M. v. Beacon Health Options, Inc*., No. 2:18-CV-00048-JNP-DAO, 2021 WL 764077, at *3 (D. Utah Feb. 26, 2021) (same).

[74] *Raymond M.*, 2021 WL 764077 at *3 (quoting *Stoedter v. Gates*, 320 F. Supp. 3d 1265, 1280 (D. Utah 2018)).

[75] *See* Cigna Opp'n 18.

[76] *Id.*

[77] *See J.H. v. United Behav. Health*, No. 2:23-CV-00190-JNP-CMR, 2026 WL 632244, at *4 (D. Utah Mar. 6, 2026) (awarding Mr. King a $650 hourly rate based on his experience and the recent inflation of hourly rates in Salt Lake City due to an influx of national firms in recent years); *see also K.S. v. Cigna Health & Life Ins. Co*., No. 1:22-CV-00004, 2026 WL 752700, at *3 (D. Utah Mar. 17, 2026) (awarding Mr. King a $600 hourly rate); *Johnson v.*

The court finds this persuasive, especially in light of Mr. King's tremendous experience and specialization in the field of ERISA litigation. Mr. King's $600 per hour rate is reasonable. Accordingly, Plaintiffs are awarded $55,835 in attorney's fees[78] and $400 in costs.

## ORDER

Plaintiffs' [109] Motion for Attorney's Fees is GRANTED in part.

Signed June 10, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

*Deseret Mut. Benefit Adm'rs*, No. 2:22-CV-330-HCN-JCB, 2025 WL 2194060, at *2 (D. Utah Aug. 1, 2025) (same); *M.S. v. Premera Blue Cross*, No. 2:19-CV-199-DAK, 2025 WL 1370215, at *2 (D. Utah May 12, 2025) (same); *L.L. on behalf of J.L. v. Anthem Blue Cross Life & Health Ins. Co*., No. 2:22-CV-00208-DAK, 2024 WL 3899380, at *2 (D. Utah Aug. 21, 2024) (same).

[78] Plaintiffs' $58,660 fee request minus the $2,825 reduction for discovery fees and fees related only to the dismissed defendants.

14